# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN DAVIS aka<br>WALI AT-TAQI DAVIS,<br><br>    Plaintiff,<br><br> v.<br><br>A. HEDGPETH,<br><br>    Defendant.<br>_____/ | CASE NO. 1:07-cv-00696-OWW-SMS PC<br><br>ORDER REQUIRING PLAINTIFF TO EITHER<br>FILE AN AMENDED COMPLAINT OR<br>NOTIFY THE COURT OF HIS WILLINGNESS<br>TO PROCEED AGAINST DEFENDANT<br>HEDGPETH ON EIGHTH AMENDMENT<br>AND DUE PROCESS CLAIMS<br><br>(Doc. 1) |

I. Screening Order

  A. Screening Requirement

   Plaintiff Dorian Davis aka Wali At-Taqi Davis ("plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on May 9, 2007.

   The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

1

1  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

2  exceptions," none of which applies to section 1983 actions. <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S.

3  506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a short and

4  plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a).

5  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the

6  grounds upon which it rests." <u>Swierkiewicz</u>, 534 U.S. at 512.  A court may dismiss a complaint only

7  if it is clear that no relief could be granted under any set of facts that could be proved consistent with

8  the allegations. <u>Id</u>. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether

9  the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of

10 the pleadings that a recovery is very remote and unlikely but that is not the test.'" <u>Jackson v. Carey</u>,

11 353 F.3d 750, 755 (9th Cir. 2003) (quoting <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974)); <u>see also</u>

12 <u>Austin v. Terhune</u>, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the

13 opposing party on notice of the claim . . . .'" (quoting <u>Fontana v. Haskin</u>, 262 F.3d 871, 977 (9th Cir.

14 2001))).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations."

15 <u>Neitze v. Williams</u>, 490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights

16 complaint may not supply essential elements of the claim that were not initially pled." <u>Bruns v. Nat'l</u>

17 <u>Credit Union Admin.</u>, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting <u>Ivey v. Bd. of Regents</u>, 673 F.2d

18 266, 268 (9th Cir. 1982)).

19      B.    <u>Plaintiff's Claims</u>

20      Plaintiff is an inmate housed at Kern Valley State Prison in Delano, where the events at issue

21 in this action are allegedly occurring.  Plaintiff alleges that since his arrival at Kern Valley on

22 October 26, 2005, he has been continuously deprived of outdoor exercise pursuant to lock-downs,

23 which occur on a monthly basis.  Plaintiff alleges that defendant Hedgpeth, the warden, is the policy

24 maker at Kern Valley and signs off on all policies, and has failed to protect plaintiff's right to

25 outdoor exercise.  Plaintiff seeks money damages and injunctive relief.  Plaintiff sets forth three

26 separately enumerated claims for relief arising out of the deprivation of outdoor exercise.

27 ///

28 ///

2

1          1.      Claim One

2                  a.      Eighth Amendment Claim

3          To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

4    conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman,

5    452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh, prison officials

6    must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety.

7    Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237,

8    1246 (9th Cir. 1982).  Where a prisoner alleges injuries stemming from unsafe conditions of

9    confinement, prison officials may be held liable only if they acted with "deliberate indifference to

10   a substantial risk of serious harm."  Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The

11   deliberate indifference standard involves an objective and a subjective prong.  First, the alleged

12   deprivation must be, in objective terms, "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S.

13   825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)).  Second, the prison official must

14   "know[] of and disregard[] an excessive risk to inmate health or safety . . . ."  Farmer, 511 U.S. at

15   837.

16          "'[S]ome form of regular outdoor exercise is extremely important to the psychological and

17   physical well being of the inmates,'" and "[the] deprivation of outdoor exercise [can] constitute cruel

18   and unusual punishment" in violation of the Eighth Amendment.  Allen v. Sakai, 48 F.3d 1082, 1087

19   (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)).  However, the

20   temporary denial of outdoor exercise with no medical effects is not a substantial deprivation.  May

21   v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

22          Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

23   against defendant Hedgpeth for violation of the Eighth Amendment.  Fed. R. Civ. P. 8(a); Erickson

24   v. Pardus, 127 S.Ct. 2197, 2200 (2007).

25                 b.      Due Process Claim

26          The Due Process Clause protects against the deprivation of liberty without due process of

27   law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

28   Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

3

1   protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

2   law.  <u>Wilkinson v. Austin</u>, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

3   confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

4   <u>Wilkinson</u>, 125 S.Ct. at 2393; <u>Hewitt v. Helms</u>, 459 U.S. 460, 466-68 (1983).  Under state law, the

5   existence of a liberty interest created by prison regulations is determined by focusing on the nature

6   of the deprivation.  <u>Sandin v. Conner</u>, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

7   law are "generally limited to freedom from restraint which . . . imposes atypical and significant

8   hardship on the inmate in relation to the ordinary incidents of prison life."  <u>Sandin v. Conner</u>, 515

9   U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); <u>Myron v. Terhune</u>, 476 F.3d 716, 718 (9th Cir. 2007).

10   Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

11   against defendant Hedgpeth for violation of the Due Process Clause.  Fed. R. Civ. P. 8(a); <u>Erickson</u>

12   <u>v. Pardus</u>, 127 S.Ct. 2197, 2200 (2007).

13   2.   <u>Claims Two and Three</u>

14   Plaintiff alleges legal claims for violation of the Eighth Amendment and the Due Process

15   Clause of the Fourteenth Amendment under the label of "Claim 1."  (Doc. 1, 5:1-7.)  However,

16   neither Claim 2 nor Claim 3 sets forth any recognizable legal claim.  Therefore, neither claim is

17   cognizable.  The court will provide plaintiff with the opportunity to file an amended complaint if

18   plaintiff believes he can articulate a legal basis for claims beyond that for violation of the Eighth

19   Amendment and Due Process Clause.

20   C.   <u>Conclusion</u>

21   Plaintiff's complaint states cognizable claims for relief under section 1983 against defendant

22   Hedgpeth for violation of the Eighth Amendment and the Due Process Clause of the Fourteenth

23   Amendment.  However, plaintiff's complaint does not state any other legal claims.  The court will

24   provide plaintiff the opportunity to file an amended complaint, if plaintiff wishes to do so.

25   If plaintiff does not wish to file an amended complaint and is agreeable to proceeding against

26   defendant Hedgpeth on his Eighth Amendment and due process claims only, plaintiff may so notify

27   the court in writing, and the court will issue a Findings and Recommendations recommending that

28   the remaining claims be dismissed from this action, and will forward plaintiff one summons and one

4

1    USM-285 form for completion and return.  Upon receipt of the forms, the court will direct the United

2    States Marshal to initiate service of process.

3           In the event that plaintiff does wish to file a second amended complaint, plaintiff is advised

4    that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d

5    1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be

6    "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.

7    Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged

8    in an amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers &

9    Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

10          If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11   complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy,

12   625 F.2d 227 (9th Cir. 1980).   The complaint must allege in specific terms how each named

13   defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some

14   affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v.

15   Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy,

16   588 F.2d 740, 743 (9th Cir. 1978).

17          Based on the foregoing, it is HEREBY ORDERED that:

18          1.      The Clerk's Office shall send plaintiff a civil rights complaint form;

19          2.      Within **thirty (30) days** from the date of service of this order, plaintiff must either:

20                  a.      File an amended complaint curing the deficiencies identified by the court in

21                          this order, or

22                  b.      Notify the court in writing that he does not wish to file an amended complaint

23                          and wishes to proceed against defendant Hedgpeth on his Eighth Amendment

24                          and due process claims only; and

25          3.      If plaintiff fails to comply with this order, this action will be dismissed for failure to

26                  obey a court order.

27

28   IT IS SO ORDERED.

5

1

Dated:    September 10, 2007              /s/ Sandra M. Snyder
                                    UNITED STATES MAGISTRATE JUDGE

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28