1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
DORIAN DAVIS aka
WALI AT-TAQI DAVIS,

10
                                    Plaintiff,

11
        v.

12
A. HEDGPETH,

13
                                    Defendant.

14 _____/

CASE NO. 1:07-cv-00696-OWW-SMS PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING ACTION PROCEED ON
PLAINTIFF'S COMPLAINT AGAINST
DEFENDANT HEDGPETH ON EIGHTH
AMENDMENT AND DUE PROCESS CLAIMS

(Docs. 1 and 11)

15
16

I.      **Procedural History**

17          Plaintiff Dorian Davis aka Wali At-Taqi Davis ("plaintiff") is a state prisoner proceeding pro

18 se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this

19 action on May 9, 2007.  On September 11, 2007, the court issued an order finding that plaintiff's

20 complaint states cognizable claims for relief under section 1983 against defendant Hedgpeth for

21 violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment, but

22 does not state any other legal claims.  The court ordered plaintiff to either to file an amended

23 complaint or notify the court of his willingness to proceed only on his cognizable claims.  On

24 October 19, 2007, plaintiff filed a notice stating his willingness to proceed only on his cognizable

25 claims.  Based on plaintiff's notice, this Findings and Recommendations now issues.

II.     **Screening Requirement**

26
27          The court is required to screen complaints brought by prisoners seeking relief against a

28 governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**III.   Plaintiff's Claims**

Plaintiff is an inmate housed at Kern Valley State Prison in Delano, where the events at issue in this action are allegedly occurring. Plaintiff alleges that since his arrival at Kern Valley on October 26, 2005, he has been continuously deprived of outdoor exercise pursuant to lock-downs,

which occur on a monthly basis. Plaintiff alleges that defendant Hedgpeth, the warden, is the policy maker at Kern Valley and signs off on all policies, and has failed to protect plaintiff's right to outdoor exercise. Plaintiff seeks money damages and injunctive relief. Plaintiff sets forth three separately enumerated claims for relief arising out of the deprivation of outdoor exercise.

## A.    Claim One

### 1.    Eighth Amendment Claim

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain . . . ." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Although prison conditions may be restrictive and harsh, prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and personal safety. Id.; Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982). Where a prisoner alleges injuries stemming from unsafe conditions of confinement, prison officials may be held liable only if they acted with "deliberate indifference to a substantial risk of serious harm." Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998). The deliberate indifference standard involves an objective and a subjective prong. First, the alleged deprivation must be, in objective terms, "sufficiently serious . . . ." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)). Second, the prison official must "know[] of and disregard[] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

"'[S]ome form of regular outdoor exercise is extremely important to the psychological and physical well being of the inmates,'" and "[the] deprivation of outdoor exercise [can] constitute cruel and unusual punishment" in violation of the Eighth Amendment. Allen v. Sakai, 48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979)). However, the temporary denial of outdoor exercise with no medical effects is not a substantial deprivation. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983 against defendant Hedgpeth for violation of the Eighth Amendment. Fed. R. Civ. P. 8(a); Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

1          **2.      Due Process Claim**

2          The Due Process Clause protects against the deprivation of liberty without due process of

3 law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the Due

4 Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

5 protection is sought.  Liberty interests may arise from the Due Process Clause itself or from state

6 law.  Wilkinson v. Austin, 125 S.Ct. 2384, 2393 (2005).  The Due Process Clause itself does not

7 confer on inmates a liberty interest in avoiding "more adverse conditions of confinement."

8 Wilkinson, 125 S.Ct. at 2393; Hewitt v. Helms, 459 U.S. 460, 466-68 (1983).  Under state law, the

9 existence of a liberty interest created by prison regulations is determined by focusing on the nature

10 of the deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

11 law are "generally limited to freedom from restraint which . . . imposes atypical and significant

12 hardship on the inmate in relation to the ordinary incidents of prison life."  Sandin v. Conner, 515

13 U.S. 472, 484, 115 S.Ct. 2293, 2300 (1995); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

14          Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

15 against defendant Hedgpeth for violation of the Due Process Clause.  Fed. R. Civ. P. 8(a); Erickson

16 v. Pardus, 127 S.Ct. 2197, 2200 (2007).

17          **B.      Claims Two and Three**

18          Plaintiff alleges legal claims for violation of the Eighth Amendment and the Due Process

19 Clause of the Fourteenth Amendment under the label of "Claim 1."  (Doc. 1, 5:1-7.)  However,

20 neither Claim 2 nor Claim 3 sets forth any recognizable legal claim.  Therefore, neither claim is

21 cognizable.

22 **IV.    Conclusion**

23          Plaintiff's complaint states cognizable claims for relief under section 1983 against defendant

24 Hedgpeth for violation of the Eighth Amendment and the Due Process Clause of the Fourteenth

25 Amendment.  However, plaintiff's complaint does not state any other legal claims.  Plaintiff was

26 provided with the opportunity to file an amended complaint, but opted to proceed only on his

27 cognizable Eighth Amendment and Due Process claims.  Accordingly, it is HEREBY

28 RECOMMENDED that:

1.      This action proceed on plaintiff's complaint, filed May 9, 2007, against defendant Hedgpeth for violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment; and

2.      Claims two and three, which do not articulate recognizable legal claims, be dismissed for failure to state a claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:**    **October 23, 2007**              **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE