# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DORIAN DAVIS aka<br>WALI AT-TAQI DAVIS,<br><br>                    Plaintiff,<br><br>     v.<br><br>A. HEDGPETH,<br><br>                    Defendant.<br>_____/ | CASE NO. 1:07-cv-00696-OWW-SMS PC<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STAY FILING OF AMENDED COMPLAINT PENDING EXHAUSTION OF NEW CLAIMS<br><br>(Doc. 20)<br><br>THIRTY-DAY DEADLINE TO FILE AMENDED COMPLAINT |

    Plaintiff Dorian Davis ask Wali At-Taqi Davis ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On September 11, 2007, after screening Plaintiff's complaint, the Court issued an order requiring Plaintiff to either file an amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable by the Court in its screening order. Plaintiff opted to proceed only on his cognizable claims and on October 23, 2007, the Court recommended dismissal of certain claims and found service of the complaint appropriate as to the cognizable claims. Plaintiff was granted an extension of time to file an objection and on December 26, 2007, Plaintiff objected and sought leave to file an amended complaint. Plaintiff was subsequently granted two extensions of time to file an amended complaint. On April 18, 2008, Plaintiff filed a motion seeking to stay the time in which to file an amended complaint pending exhaustion of three new claims Plaintiff seeks to add to this action.

    This action involves the claim that Plaintiff's constitutional rights were violated by the deprivation of outdoor exercise. Plaintiff seeks to add claims arising from the alleged denial of

religious prayer oil and services, in violation of the Religious Land Use and Institutionalized Persons Act of 2000 and the First Amendment, and for denial of access to the courts. Plaintiff is currently pursuing exhaustion of these claims in compliance with 42 U.S.C. § 1997e(a).

Plaintiff may not add new, unrelated claims to this action. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Further, exhaustion must occur prior to filing suit. McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). This action was filed on May 9, 2007, and claims which were exhausted after that date may not be included in the action. In a "conflict between Federal Rule of Civil Procedure 15 and the PLRA, the rule would have to yield to the later-enacted statute to the extent of the conflict." Harris v. Garner, 216 F.3d 970, 982 (11th Cir. 2000). Rule 15(d), which permits amended pleadings, "does not and cannot overrule a substantive requirement or restriction contained in a statute (especially a subsequently enacted one)." Id. at 983; see also Cox v. Mayer, 332 F.3d 422, 428 (6th Cir. 2003) (citing Harris for this proposition with favor). Allowing Plaintiff to pursue his new claims in this action would allow Plaintiff to thwart the mandate of section 1997e(a), which requires that claim exhaustion occur prior to filing suit and not during the pendency of the suit. McKinney, 311 F.3d at 1199-1201.

Accordingly, Plaintiff's motion for a stay pending exhaustion is HEREBY DENIED. Plaintiff may not add any new claims to this lawsuit, and his amended complaint is due within **thirty (30) days**. The failure to file an amended complaint will result in submission of the recommendation issued on October 23, 2007, to the district judge.

IT IS SO ORDERED.

**Dated:   April 23, 2008**               /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE