1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

10  DORIAN DAVIS aka
WALI AT-TAQI DAVIS,

11                          Plaintiff,

12        v.

13  A. HEDGPETH, et al.,

14                          Defendants.

15 _____/

CASE NO. 1:07-cv-00696-OWW-SMS PC

FINDINGS AND RECOMMENDATIONS
RECOMMENDING DISMISSAL OF CERTAIN
CLAIMS

(Doc. 22)

OBJECTION DUE WITHIN 30 DAYS

16

17    **Findings and Recomendations Following Screening of First Amended Complaint**

18  **I.    Procedural History**

19        Plaintiff Dorian Davis aka Wali At-Taqi Davis ("Plaintiff") is a state prisoner proceeding

20  pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff

21  filed this action on May 11, 2007.

22        On September 11, 2007, the Court issued a screening order directing Plaintiff to either

23  file an amended complaint or notify the Court of Plaintiff's willingness to proceed only on claims

24  found to be cognizable.  On October 19, 2007, Plaintiff notified the Court that he was willing to

25  proceed only on the claims found to be cognizable, and the Court issued Findings and

26  Recommendations allowing the action to proceed on the cognizable claims stated in Plaintiff's

27  original complaint.  On December 26, 2007, Plaintiff changed course and filed a motion to

28  amend the complaint in order to state additional claims.

1

1  Currently before the Court is Plaintiff's first amended complaint, filed on May 8, 2008.  The first

2  amended complaint supercedes Plaintiff's original complaint. Forsyth v. Humana, Inc., 114 F.3d

3  1467, 1474 (9th Cir. 1997).

4  **II.      Screening Requirement**

5       The Court is required to screen complaints brought by prisoners seeking relief against a

6  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

7  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

8  legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

9  that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C.

10  § 1915A(b)(1),(2).

11       "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

12  exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534

13  U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a).  Pursuant to Rule 8(a), a complaint must contain "a

14  short and plain statement of the claim showing that the pleader is entitled to relief ..." Fed. R.

15  Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's

16  claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512.  However, "the

17  liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams,

18  490 U.S. 319, 330 n.9 (1989).  "[A] liberal interpretation of a civil rights complaint may not

19  supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union

20  Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268

21  (9th Cir. 1982)).

22  **III.     Plaintiff's Claims**

23       **A. Summary of the Complaint**

24       Plaintiff is a state prisoner currently housed at Kern Valley State Prison (KVSP).  The

25  events giving rise to Plaintiff's complaint allegedly occurred at KVSP from the time of Plaintiff's

26  arrival in October, 2005, through May 8, 2008, when Plaintiff filed the first amended complaint.

27  ///

28

1    Plaintiff alleges that he is continuously deprived of access to outdoor exercise and other

2  institutional privileges pursuant to prison-wide lock-downs which occur on a monthly basis.

3  According to the first amended complaint, KVSP lock-downs unnecessarily burden inmates who

4  have not committed any offense.  The first amended complaint alleges that Defendant Hedgpeth,

5  KVSP's Warden, is the policy maker at KVSP and signs off on all policies.  Plaintiff states that

6  the lock-down policies at KVSP deprive him of his constitutional rights under the Eighth and

7  Fourteenth Amendments of the United States Constitution.

8    **B. Eighth Amendment Claim**

9    To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison

10  conditions must involve "the wanton and unnecessary infliction of pain . . . ."  Rhodes v.

11  Chapman, 452 U.S. 337, 347 (1981).  Although prison conditions may be restrictive and harsh,

12  prison officials must provide prisoners with food, clothing, shelter, sanitation, medical care, and

13  personal safety.  Id.; Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).  Where a prisoner

14  alleges injuries stemming from unsafe conditions of confinement, prison officials may be held

15  liable only if they acted with "deliberate indifference to a substantial risk of serious harm."  Frost

16  v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The deliberate indifference standard involves an

17  objective and a subjective prong.  First, the alleged deprivation must be, in objective terms,

18  "sufficiently serious . . . ."  Farmer v. Brennan, 511 U.S. 825, 834 (1994) (citing Wilson v. Seiter,

19  501 U.S. 294, 298 (1991)).  Second, the prison official must "know of and disregard an excessive

20  risk to inmate health or safety . . . ."  Farmer, 511 U.S. at 837.

21    "'[S]ome form of regular outdoor exercise is extremely important to the psychological

22  and physical well being of the inmates,'" and "[the] deprivation of outdoor exercise [can]

23  constitute cruel and unusual punishment" in violation of the Eighth Amendment.  Allen v. Sakai,

24  48 F.3d 1082, 1087 (9th Cir. 1995) (quoting Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.

25  1979)).  However, the temporary denial of outdoor exercise, with no medical effects, is not a

26  substantial deprivation.  May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

27  ///

28  ///

3

1    Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

2   against Defendant Hedgpeth for violation of the Eighth Amendment.[1]  Fed. R. Civ. P. 8(a);

3   Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

4       **C. Due Process Claim**

5       The Due Process Clause protects against the deprivation of liberty without due process of

6   law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to invoke the protection of the

7   Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the

8   protection is sought.  See Id.  Liberty interests may arise from the Due Process Clause itself or

9   from state law.  Wilkinson v. Austin, 545 U.S. 209, 222 (2005).  Under state law, the existence

10  of a liberty interest created by prison regulations is determined by focusing on the nature of the

11  deprivation.  Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  Liberty interests created by state

12  law are "generally limited to freedom from restraint which . . . imposes atypical and significant

13  hardship on the inmate in relation to the ordinary incidents of prison life."  Id. at 484; Myron v.

14  Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

15      Plaintiff's allegations are sufficient to give rise to a claim for relief under section 1983

16  against Defendant Hedgpeth for violation of the Due Process Clause.  Fed. R. Civ. P. 8(a);

17  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007).

18      **D.  Other Claims**

19      On December 26, 2007, Plaintiff filed a motion for leave to amend his complaint in order

20  to clarify two claims that were rejected in the Court's first screening order.  The Court granted

21  Plaintiff leave to amend.  On May 8, 2008, Plaintiff filed the first amended complaint, which

22  essentially recites verbatim the allegations of the original complaint.  The first amended

23  complaint fails to state any facts giving rise to additional claims and does not bear any indication

24  that the Plaintiff has additional claims based on the set of facts plead.

25

26  [1] Where a plaintiff is seeking damages against a state official, such as in the instant action, an individual capacity suit
27  is "necessarily implied" because an official-capacity suit would be barred.  See Cerrato v. San Francisco Community
    College  Dist., 26 F.3d 968, 973 n.16 (9th Cir. 1994); Shoshone-Bannock Tribes v. Fish & Game Comm'n, 42 F.3d
28  1278, 1284 (9th Cir. 1994); Price v. Akaka, 928 F.2d 824, 828 (9th Cir. 1991).  To the extent Plaintiff seeks to sue
    the Defendant for damages in the Defendant's official capacity, Plaintiff's claim is not cognizable.

### E. Claims for Equitable Relief

#### 1. Declaratory Judgment

"A declaratory judgment, like other forms of equitable relief, should be granted only as a matter of judicial discretion, exercised in the public interest." Eccles v. Peoples Bank of Lakewood Village, 333 U.S. 426, 431 (1948). "Declaratory relief should be denied when it will neither serve a useful purpose in clarifying and settling the legal relations in issue nor terminate the proceedings and afford relief from the uncertainty and controversy faced by the parties." United States v. Washington, 759 F.2d 1353, 1357 (9th Cir. 1985).

Plaintiff asks the Court to issue a declaratory judgment that the lock-down policy at KVSP violates Plaintiff's Eighth and Fourteenth Amendment rights. In the event that this action reaches trial and the jury returns a verdict in favor of Plaintiff, that verdict will be a finding that Plaintiff's constitutional rights were violated. Accordingly, a declaration that the Defendant violated Plaintiff's rights is unnecessary.

#### 2. Injunctive Relief

In general, injunctive relief is "to be used sparingly, and only in a clear and plain case." See Rizzo v. Goode, 423 U.S. 362, 378 (1976) (internal quotation omitted). Under the Prison Litigation Reform Act (PLRA), the Court must find that the prospective relief is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right," before granting injunctive relief. 18 U.S.C. § 3626(a)(1)(2008). When a government agency is involved, the government should be granted the "widest latitude in the dispatch of its own internal affairs;" when a state agency is involved, these considerations are strengthened because of federalism concerns. Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (citing O'Shea v. Littleton, 414 U.S. 488, 499 (1974)). Injunctive relief is appropriate only when "irreparable injury" is threatened, City of Los Angeles v. Lyons, 461 U.S. 95, 111 (1983), and any injunctive relief awarded must avoid unnecessary disruption to the state agency's "normal course of proceeding," O'Shea, 414 U.S. at 501.

///

1     Plaintiff asks the Court to issue an injunction ordering the Defendant to 1) formalize a

2  policy that will allow inmates to use the concrete yards annexed to each building for outdoor

3  recreation during lock-downs; and 2) reverse the "customary" lock-down practice at KVSP.

4  Plaintiff's requests are not narrowly drawn and are not the least intrusive means necessary to

5  correct the constitutional violations alleged in the complaint.  Accordingly, Plaintiff's requests

6  for injunctive relief may not be granted pursuant to the PLRA. 18 U.S.C. § 3626(a)(1)(2008).

7  **III.**     **Conclusion and Order**

8     The first amended complaint states claims against Defendant Hedgpeth for violations of

9  the Eighth Amendment and Fourteenth Amendment Due Process Clause.  The first amended

10  complaint does not state any other claims.

11     The Court has given Plaintiff an opportunity to amend his complaint to state additional

12  claims, however, the first amended complaint fails to state additional claims and gives no

13  indication that any other colorable claims exist.  Accordingly,  the Court recommends that further

14  leave to amend not be granted, and that this action be ordered to proceed only on those claims

15  identified herein as cognizable.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

16     For the reasons set forth herein, the Court HEREBY RECOMMENDS that:

17     1.     This action proceed as one for money damages on Plaintiff's first amended

18          complaint, filed May 8, 2008, against Defendant Hedgpeth for violations of the

19          Eighth and Fourteenth Amendments of the United States Constitution;

20     2.     Plaintiff's additional claims be dismissed, with prejudice, for failure to state a

21          claim upon which relief may be granted under section1983; and

22     3.     Plaintiff's claims for declaratory and injunctive relief be dismissed.

23     These Findings and Recommendations will be submitted to the United States District

24  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

25  **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file

26  written objections with the Court.  The document should be captioned "Objections to Magistrate

27  Judge's Findings and Recommendations."

28  ///

1    Plaintiff is advised that failure to file objections within the specified time may waive the right to

2   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153, 1157 (9th Cir. 1991).

3

4   IT IS SO ORDERED.

5   **Dated:     November 24, 2008**                          **/s/ Sandra M. Snyder**
                                                      UNITED STATES MAGISTRATE JUDGE