1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  | DORIAN DAVIS aka WALI AT-TAQI DAVIS,

CASE NO. 1:07-cv-00696-OWW-SMS PC

Plaintiff,

FINDINGS AND RECOMMENDATIONS RECOMMENDING (1) DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO EXHAUST BE GRANTED IN PART AND DENIED IN PART, (2) DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM BE DENIED, AND (3) DEFENDANT'S MOTION TO DISMISS ON QUALIFIED IMMUNITY GROUNDS BE DENIED

v.

A. HEDGPETH,

Defendant.

(Doc. 40)

OBJECTIONS DUE WITHIN THIRTY DAYS

_____/

**Findings and Recommendations - Defendant's Motion to Dismiss**

I.    **Procedural History**

Plaintiff Dorian Davis aka Wali At-Taqi Davis, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 9, 2007.  The action is proceeding on Plaintiff's amended complaint, filed May 8, 2008, against Defendant Warden A. Hedgpeth for violation of the Eighth Amendment and the Due Process Clause of the Fourteenth Amendment.  Plaintiff's claims arise from the denial of outdoor exercise and other program opportunities during periods of lockdown at Kern Valley State Prison in Delano, California.

On June 29, 2009, Defendant filed a motion to dismiss for failure to exhaust, for failure to state a claim, and on qualified immunity grounds. Fed. R. Civ. P. 12(b).  Plaintiff filed an opposition

1

on August 28, 2009, Defendant filed a reply on September 4, 2009, and the motion has been deemed submitted. Local Rule 230(l).

## II.    Failure to Exhaust

### A.    Legal Standard

Defendant argues that Plaintiff failed to exhaust his claims in compliance with 42 U.S.C. § 1997e(a), subjecting the claims to dismissal. Section 1997e(a) of the Prison Litigation Reform Act of 1995 provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910, 918-19 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs., tit. 15 § 3084.1 (West 2009). The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). Four levels of appeal are involved, including the informal level, first formal level, second formal level, and third formal level, also known as the "Director's Level." Id. at § 3084.5. Appeals must be submitted within fifteen working days of the event being appealed, and the process is initiated by submission of the appeal to the informal level, or in some circumstances, the first formal level. Id. at §§ 3084.5, 3084.6(c). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

Section 1997e(a) does not impose a pleading requirement, but rather, is an affirmative defense under which Defendant has the burden of raising and proving the absence of exhaustion. Jones, 127 S.Ct. at 921; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The failure to

2

1   exhaust nonjudicial administrative remedies that are not jurisdictional is subject to an unenumerated

2   Rule 12(b) motion, rather than a summary judgment motion.  Wyatt, 315 F.3d at 1119 (citing Ritza

3   v. Int'l Longshoremen's & Warehousemen's Union, 837 F.2d 365, 368 (9th Cir. 1998) (per curium)).

4   In deciding a motion to dismiss for failure to exhaust administrative remedies, the Court may look

5   beyond the pleadings and decide disputed issues of fact.  Wyatt, 315 F.3d at 1119-20.  If the Court

6   concludes that the prisoner has failed to exhaust administrative remedies, the proper remedy is

7   dismissal without prejudice.  Id.

8       **B.    Discussion**

9           **1.    Plaintiff's Claims**

10      Plaintiff was transferred to Kern Valley State Prison (KVSP) on October 26, 2005.  Plaintiff

11  alleges that since his arrival, the yards he has been on have been locked down on and off, with a

12  lockdown occurring every month.  Plaintiff alleges that as a result of these recurring lockdowns, his

13  right to outdoor exercise or out-of-cell recreation is being violated, and he is being deprived of his

14  liberty interest in privileges such as canteen, quarterly packages, phone calls, visitation, outdoor or

15  out-of-cell recreation, social contact with other inmates, physical law library access, and education,

16  without due process of law.

17          **2.    Exhaustion of Eighth Amendment Claim**

18              **a.    Summary of Relevant Appeals**

19      Plaintiff filed an appeal on February 9, 2006, in which he grieved the lockdown of Facility

20  A from January 2, 2006, to January 18, 2006, and his inability to exercise during that time.  (Doc.

21  40-5, court record p. 10-12.)  The appeal was rejected as untimely filed at the final level of review.

22  (Doc. 40-7, Grannis Dec., court record p. 4.)  Defendant contends that the appeal failed to grieve

23  Plaintiff's Eighth Amendment claim that he was on lockdown month after month without adequate

24  exercise, or his claim that he was denied due process.  Defendant also contends that the appeal was

25  not fully exhausted in light of its rejection for untimeliness.

26      Defendant contends that only one other appeal filed by Plaintiff is even tangentially related

27  to lockdowns, and it grieved denial of access to the law library.  (Doc. 40-3, Tarnoff Dec., court

28  ///

3

record p. 3; Doc. 40-5, pp. 23-24.)  Defendant contends that the appeal was not exhausted through the Director's Level of review and did not adequately grieve Plaintiff's claims in this action.

Notwithstanding the issue of whether it was fully exhausted or not, the appeal addressing lack of access to the law library would not satisfy the exhaustion requirement with respect to Plaintiff's Eighth Amendment and due process claims, and Plaintiff does not argue otherwise.  Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).  That leaves at issue only the appeal grieving the January 2006 lockdown.

### b.    Sufficiency of the Appeal

In order to satisfy the exhaustion requirement, prisoners are required to comply with the applicable procedural rules governing the appeals process, and it is the appeals process itself which defines the level of detail necessary in an appeal.  Jones, 549 U.S. at 218; Griffin, 557 F.3d at 1120. In California, prisoners are required only to describe the problem and the action requested.  Tit. 15 § 3084.2(a).  Therefore, the appeal is sufficient "'if it alerts the prison to the nature of the wrong for which redress is sought,'" Griffin at 1120 (quoting Strong v. David, 297 F.3d 646, 650 (7th Cir. 2002) and adopting the Strong standard), which "advances the primary purpose of . . . notify[ing] the prison of a problem," id. (citation omitted).

Here, Plaintiff's appeal specifically references the lockdown from January 2, 2006, to January 18, 2006, but does grieve the ill effects of the denial of outdoor exercise and recreation for periods of more than three days, and requests that during lockdowns, inmates be provided with outdoor exercise on the alternate exercise and recreation yards, in accordance with their constitutional right under the Eighth Amendment.  Although Plaintiff did not complain about monthly lockdowns on an ongoing basis, under the Strong standard's "low floor," his appeal placed prison officials on notice that the deprivation of outdoor exercise during lockdowns impinges upon his Eighth Amendment rights, a deprivation which forms the basis of his claim in this action.  Griffin at 1120. Accordingly, the Court finds that Plaintiff's appeal was sufficient to satisfy section 1997e(a), if properly exhausted.

///

///

1                        **c.   Timeliness of the Appeal**

2         Plaintiff was required to submit his appeal to the third level and final level of review within

3 fifteen working days from the date of receipt of the second level decision, tit. 15 § 3084.6, and at the

4 formal levels of appeal, this requires that the appeal be forwarded to the appeals coordinator within

5 fifteen days, tit. 15 § 3084.2(c). Plaintiff's appeal was returned to him on July 26, 2006, making the

6 deadline for submission to the Director's Level of review August 16, 2006.[1] Tit. 15 § 4003(j).

7         Plaintiff submits evidence that he mailed the appeal on August 16, 2006, when he handed

8 it to a correctional officer. (Doc. 43, Opp., pp. 7, 24.) While the appeal was actually sent out in the

9 mail to the Chief of the Inmate Appeals Branch on August 17, 2006, Plaintiff's appeal was timely

10 submitted if his action in handing it to the correctional officer for mailing constituted the forwarding

11 of the appeal to the appeals coordinator. (Id., p. 25.) In light of the applicable regulation's language

12 and in the absence of any evidence or argument to the contrary from Defendant, the Court finds no

13 basis for concluding that handing the appeal to an officer for mailing does *not* constitute the act of

14 forwarding the appeal to the appeals coordinator. Therefore, based on the record before it, the Court

15 finds that Plaintiff's appeal was timely submitted on August 16, 2006, and recommends that

16 Defendant's motion to dismiss for failure to exhaust be denied.

17                     **3.   Exhaustion of Due Process Claim**

18         With respect to Plaintiff's claim that he was deprived of various privileges without due

19 process of law, the evidence submitted by Plaintiff shows that inmate Will Palmer submitted a group

20 appeal on August 15, 2006, alleging due process and equal protection violations against KVSP

21 prison officials arising from the placement of all Facility D inmates on lockdown following the

22 discovery of weapons in a cell. (Opp., p. 28.) Due to the lockdown, inmates lost their privileges,

23 including yard, canteen, telephone, packages, and education. (Id.) As relief, the appeal sought the

24 adoption of a new policy by the warden prohibiting the suspension of privileges for the entire inmate

25 population based on the actions of a few individual inmates. (Id.)

26

27         [1]   Defendant incorrectly argues in his reply that the deadline was August 10, 2006. The deadline

28 commenced upon receipt of the appeal by Plaintiff rather than the date of issuance of the decision. Tit. 15 § 3084.6. Further, weekends and holidays are not working days, and the first day is excluded. Tit. 15 § 4003(j).

1    Title 15 regulations permit group appeals, and this appeal arguably sets forth the very general

2   facts at issue in Plaintiff's due process claim.  However, group appeals must be accompanied by "[a]

3   legible list of the participating inmates' names, signatures, departmental identification numbers, and

4   housing," tit. 15 § 3084.2(f)(1), and Plaintiff's name was not on the list of participating inmates.

5   (Id., p. 33.)  The Court does not reach the issue of whether the appeal was exhausted or whether it

6   would in fact satisfy the exhaustion requirement for Plaintiff's due process claim because Plaintiff

7   was not a participating inmate and may not use the appeal to demonstrate exhaustion of his due

8   process claim.[2]

9    Plaintiff also includes a copy of an appeal filed by B. Salaam on October 26, 2006, which

10  challenges the loss of privileges due to the modified program in effect on Facility D.  (Id., pp. 34-37.)

11  There is no indication that the appeal was a group appeal, and if it was intended as such, it lacks the

12  requisite list of participating inmates, which would have to include Plaintiff.  (Id.)  In addition, there

13  is no evidence that the appeal was exhausted.  (Id.)

14    In conclusion, the Court recommends dismissal of Plaintiff's due process claim on the ground

15  that Plaintiff may not use either Will Palmer's group appeal or B. Salaam's appeal to demonstrate

16  that he exhausted his due process claim, and Plaintiff has not submitted any other evidence of claim

17  exhaustion.

18  **III.   Failure to State a Claim**

19    **A.    Legal Standard**

20    Defendant argues that Plaintiff fails to allege sufficient facts to state a claim against him.

21  "The focus of any Rule 12(b)(6) dismissal . . . is the complaint," Schneider v. California Dept. of

22  Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998), which must contain "a short and plain statement of

23  the claim showing that the pleader is entitled to relief . . . ," Fed. R. Civ. P. 8(a)(2).  "To survive a

24  motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a

25  claim that is plausible on its face.'"  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell

26

27    [2] The appeal does not appear to have been exhausted, as the last action taken on it per the exhibits submitted
28  by Plaintiff was a return of the appeal and request that the Plan of Operations for Facility D be attached to it.  (Opp., p. 43.)

1   Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)); Moss v. U.S.

2   Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short

3   of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

4       Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

5   cause of action, supported by mere conclusory statements, do not suffice," Iqbal at 1949 (citing

6   Twombly at 555), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-

7   Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

8       **B.**     **Eighth Amendment Claim**

9       The Eighth Amendment protects prisoners from inhumane methods of punishment and from

10  inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006).

11  Extreme deprivations are required to make out a conditions of confinement claim, and only those

12  deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form

13  the basis of an Eighth Amendment violation.  Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995

14  (1992) (citations and quotations omitted).   In order to state a claim for violation of the Eighth

15  Amendment, the plaintiff must allege facts sufficient to support a claim that prison officials knew

16  of and disregarded a substantial risk of serious harm to the plaintiff. E.g., Farmer v. Brennan, 511

17  U.S. 825, 847, 114 S.Ct. 1970 (1994); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

18      Outdoor exercise is a basic human need protected by the Eighth Amendment, and the denial

19  of outdoor exercise may violate the Constitution, dependent upon the circumstances.  Richardson

20  v. Runnels, No. 07-16736, 2010 WL 92777, at *4 (9th Cir. Jan. 12, 2010); Norwood v. Vance, Nos.

21  07-17322, 08-15778, 2010 WL 27406, at *6 (9th Cir. Jan. 7, 2010); Allen v. Sakai, 48 F.3d 1082,

22  1087 (9th Cir. 1995); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979).  While the "'temporary

23  denial of outdoor exercise with no medical effects is not a substantial deprivation,'" Norwood, 2010

24  WL 27406, at *5-7 (quoting May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997)), when an inmate

25  alleges the denial of constitutionally adequate outdoor exercise, the inquiry is fact specific and

26  requires full consideration of the context in which the denial occurred, Richardson, 2010 WL 92777,

27  at *4-5; Norwood, 2010 WL 27406, at *5-7.

28  ///

Here, Plaintiff alleges that from the time he was transferred to KVSP on October 26, 2005, the yards he has been on have been on and off lockdown, with lockdowns occurring at least monthly, and that during these lockdowns, he does not get outdoor exercise. Plaintiff alleges, for example, that lockdowns have been in place for two weeks, lifted for one week, and then reinstated again for one month, and the sporadic lockdowns complained of span over years. Further, Plaintiff alleges medical effects as a result of the lack of adequate outdoor exercise, and that as the warden and policymaker, Defendant was responsible for signing off on all policies and has ignored alternatives to satisfying the need for exercise.

The Court finds these allegations sufficient, at the pleading stage, for Plaintiff to state an Eighth Amendment claim. See Richardson, 2010 WL 92777, at *4 (distinguishing a thirty-day emergency lockdown from cumulative lockdowns amounting to more than thirty days). While Defendant is correct that prison officials have discretion to handle emergency situations which arise and that their decisions in the exercise of this discretion are entitled to deference, this fact specific inquiry cannot properly be resolved at the pleading stage. Id. Therefore, the Court recommends that Defendant's motion to dismiss for failure to state a claim be denied.

## IV.    **Qualified Immunity**

Finally, Defendant argues that he is entitled to qualified immunity. Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Thus, if a constitutional violation occurred, prison officials are entitled to qualified immunity if they acted reasonably under the circumstances. Millender v. County of Los Angeles, 564 F.3d 1143, 1148 (9th Cir. 2009). "Qualified immunity balances two important interests - the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably," Pearson v. Callahan, 129 S.Ct. 808, 815 (2009), and protects "all but the plainly incompetent or those who knowingly violate the law," Malley v. Briggs, 475 U.S. 335, 341, 106 S.Ct. 1092, 1096 (1986).

///

1      In resolving a claim of qualified immunity, courts must determine whether, taken in the light

2  most favorable to the plaintiff, the defendant's conduct violated a constitutional right, and if so,

3  whether the right was clearly established. Saucier v. Katz, 533 U.S. 194, 201, 121 S.Ct. 2151, 2156

4  (2001); McSherry v. City of Long Beach, 560 F.3d 1125, 1129-30 (9th Cir. 2009). While often

5  beneficial to address in that order, courts have discretion to address the two-step inquiry in the order

6  they deem most suitable under the circumstances. Pearson, 129 S.Ct. at 818 (overruling holding in

7  Saucier that the two-step inquiry must be conducted in that order, and the second step is reached only

8  if the court first finds a constitutional violation); McSherry, 560 F.3d at 1130.

9      Defendant argues that Plaintiff fails to plead facts showing that he violated Plaintiff's

10  constitutional rights, and that the placement of the institution on lockdowns lasting less than a month

11  when there were threats of violence does not show a constitutional violation. Defendant argues that

12  in the absence of clearly established authority to the contrary, a reasonable official could have

13  thought lockdowns lasting less than a month and instituted due to security threats were justified and

14  necessary to protect prison officials and inmates.

15      On Defendant's motion to dismiss at the pleading stage, the Court is limited to a review of

16  the allegations set forth in Plaintiff's pleading. The reason for the institution of the lockdowns at

17  issue is not clear from the complaint. Defendant's argument is premised on the assumption that the

18  lockdowns were based on threats of violence jeopardizing the safety and security of the institution,

19  but this has not actually been pled. Plaintiff alleges the denial of exercise resulting from the on and

20  off again lockdowns that are occurring on a monthly basis, but the underlying or official reason given

21  for the lockdowns is not provided. Plaintiff describes the lockdowns as "fictitious," and while he

22  makes an argument that locking down the whole yard due to a fistfight between inmates is

23  unjustified, the fistfight is set forth not as *the* reason or *a* reason behind any of the lockdowns at issue

24  but simply as an example of a potential reason that Plaintiff finds lacking. (Amend. Comp., court

25  record pp. 5, 7.)

26      It is simply not clear why the multiple lockdowns were imposed and for that reason, the Court

27  cannot reach the argument that Defendant is entitled to qualified immunity on the ground that he

28  reasonably believed that locking down the institution due to security threats was reasonable. The

record needs further factual development with respect to the nature of the lockdowns, including, critically, the stated justification. Only then may the Court properly address whether Defendant acted reasonably.

**V.     Conclusion and Recommendation**

For the reasons set forth herein, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss, filed June 29, 2009, be GRANTED IN PART and DENIED IN PART as follows:

1.     Defendant's motion to dismiss Plaintiff's Eighth Amendment claim for failure to exhaust be DENIED;

2.     Defendant's motion to dismiss Plaintiff's due process claim for failure to exhaust be GRANTED and the claim be dismissed from this action without prejudice;

3.     Defendant's motion to dismiss Plaintiff's Eighth Amendment claim for failure to state a claim be DENIED; and

4.     Defendant's motion to dismiss Plaintiff's Eighth Amendment claim on qualified immunity grounds be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    January 19, 2010            /s/ Sandra M. Snyder**
                                      UNITED STATES MAGISTRATE JUDGE