1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

9

DORIAN DAVIS aka
WALI AT-TAQI DAVIS,

CASE NO. 1:07-cv-00696-OWW-SKO PC

10

Plaintiff,

ORDER DENYING MOTION FOR
RECONSIDERATION AND DISREGARDING
PLAINTIFF'S CROSS-MOTION FOR
SUMMARY JUDGMENT

11

v.

12

A. HEDGPETH,

(Docs. 59 and 60)

13

Defendant.

14

_____/

15

16    Plaintiff Dorian Davis aka Wali At-Taqi Davis is a state prisoner proceeding pro se and in

17 forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On February 18, 2011, the

18 Magistrate Judge granted Plaintiff's motion for an extension of time to file an opposition to

19 Defendant Hedgpeth's motion for summary judgment, but denied Plaintiff's motion for an extension

20 of time to file a cross-motion for summary judgment as untimely under the scheduling order.  On

21 March 18, 2011, Plaintiff filed an opposition, a cross-motion for summary judgment, and objections

22 to the order, which the Court shall construe as a motion for reconsideration.

23    Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order

24 for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to

25 prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist.

26 Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation

27 omitted).  The moving party "must demonstrate both injury and circumstances beyond his control

28 . . . ."  Id. (internal quotation marks and citation omitted).  Further, Local Rule 230(j) requires, in

1

1  relevant part, that Plaintiff show "what new or different facts or circumstances are claimed to exist

2  which did not exist or were not shown upon such prior motion, or what other grounds exist for the

3  motion," and "why the facts or circumstances were not shown at the time of the prior motion."

4  "A motion for reconsideration should not be granted, absent highly unusual circumstances,

5  unless the district court is presented with newly discovered evidence, committed clear error, or if

6  there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or

7  present evidence for the first time when they could reasonably have been raised earlier in the

8  litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir.

9  2009) (internal quotations marks and citations omitted) (emphasis in original).

10  Plaintiff argues that Local Rule 230(e) permits him to file his cross-motion for summary

11  judgment in response to Defendant's motion.  Local Rule 230(e), however, pertains to motions

12  noticed for hearing in regular civil cases.  With respect to civil motions and calendaring, it is Local

13  Rule 230(l) which applies to this action.  Regardless, in no event does the rule override a scheduling

14  order, which is binding on the parties and which is the controlling document in the case.  Fed. R.

15  Civ. P. 16(b); Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A

16  scheduling order is not a frivolous piece of paper, idly entered . . . ." (internal quotations and citation

17  omitted)).

18  A motion for summary judgment, whether filed in the first instance or as a cross-motion, is

19  a dispositive motion, and the parties are bound by the scheduling order, which set forth January 31,

20  2011, as the pretrial dispositive motion deadline.  The scheduling order was filed on March 24, 2010,

21  providing Plaintiff more than ample opportunity to file a timely motion for summary judgment or

22  a timely request for an extension of the dispositive motion deadline.  Plaintiff did neither and he is

23  precluded from moving for summary judgment.

24  ///

25  ///

26  ///

27  ///

28  ///

1    Accordingly, it is HEREBY ORDERED that Plaintiff's motion for reconsideration is

2  DENIED and his cross-motion for summary judgment is DISREGARDED as untimely.[1]

3

4  IT IS SO ORDERED.

5  **Dated:   March 23, 2011**                          **/s/ Oliver W. Wanger**
                                                  UNITED STATES DISTRICT JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27
      [1] To the extent Plaintiff's opposition and cross-motion are combined within the same filings, the Court will
28  consider Plaintiff's evidence and arguments as they relate to his opposition to Defendant's motion but will not
     consider them as they relate to seeking judgment as a matter of law.

3